**James Jefferson KENNER,**
**Plaintiff-Appellant,**

v.

**W.I.N.G.S. SUPERVISOR; et al.,**
**Defendants-Appellees.**

No. 07–16439.

United States Court of Appeals,
Ninth Circuit.

Submitted May 12, 2009.*

Filed May 26, 2009.

James Jefferson Kenner, Carson City, NV, pro se.

Alicia L. Lerud, Esquire, Deputy Attorney General, Office of the Nevada Attorney General, Carson City, NV, for Defendants-Appellees.

Before: PREGERSON, CANBY, and BERZON, Circuit Judges.

MEMORANDUM **

James Jefferson Kenner, a Nevada state prisoner, appeals pro se from the district court's judgment dismissing without prejudice his 42 U.S.C. § 1983 action for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). We have jurisdiction under 28 U.S.C. § 1291. We review the district court's application of substantive law de novo and its factual determinations for clear error, *Wyatt v. Terhune,*

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

315 F.3d 1108, 1117 (9th Cir.2003), and we affirm.

The district court properly dismissed the action because Kenner did not complete the prison grievance process prior to filing suit. *See Woodford v. Ngo,* 548 U.S. 81, 93–95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (holding that "proper exhaustion" under § 1997e(a) is mandatory and requires adherence to administrative procedural rules); *see also Booth v. Churner,* 532 U.S. 731, 734, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001) (holding that an inmate seeking only money damages must complete any prison administrative process capable of addressing his complaint and providing some form of relief, even if the process does not provide for the recovery of monetary relief).

Kenner's remaining contentions are unpersuasive.

**AFFIRMED.**